dence being sufficient to show that the liquor was intoxicating, and therefore within the description of liquors covered by the indictment.                               *Judgment affirmed.*

August 1, 1892.

Criminal law. Liquor-selling. Before Judge MILLER. Houston superior court. October term, 1891.

Tharpe was convicted in the county court upon an indictment charging him with selling spirituous, alcoholic, and malt liquors and intoxicating bitters in Houston county on August 2, 1890. He took the cause by *certiorari* to the superior court, alleging that the conviction was erroneous upon the mere proof that he sold liquor without more. The evidence was, that in August, 1890, in Houston county, in an outhouse there was a frolic, and Betsy Bell bought three drinks of liquor from Sarah Matthews, and afterwards bought two drinks from defendant, paying him ten cents for the same. Defendant had the liquor in a bottle in a grip-sack. Defendant and Betsey were in a lighted room, and defendant proposed to sell her some liquor, and she followed him into the adjoining room and bought two drinks of liquor from him. The liquor made her drunk. Her husband went to defendant that night and told him not to sell his wife any more liquor, and defendant said he had not sold her any and would not sell her any more. In his statement the defendant said that he did not sell any liquor at the time mentioned, and never sold any in Houston county; and that he never had any liquor there that night.

C. C. DUNCAN, by brief, for plaintiff in error.
W. H. FELTON, JR. solicitor-general, *contra.*

---

SCOTT, administrator, *v.* CAUSEY.

A conveyance of land made in 1849 by a father to his married daughter and her husband, in consideration of love and affection for both of them and a nominal money consideration of five dol-

lars, declaring no separate use in the daughter, but with *habendum* and *tenendum* to them, their heirs and assigns, to their own proper use, benefit and behoof, forever in fee simple, created no separate estate in the daughter, and under the rule then prevailing in this State, the rights of her husband, the son-in-law of the donor, attached upon her interest in the property conveyed, he having subsequently asserted title to and exercised acts of ownership over the whole, and having survived his wife, who died in April, 1871, leaving him her sole heir at law. The facts of the case distinguish it from *Parrott* v. *Edmondson*, 64 *Ga.* 332.

August 1, 1892.                                   *Judgment affirmed.*

Deed. Husband and wife. Before Judge MILLER. Houston superior court. October term, 1891.

A *fi. fa.* in favor of Causey against Jack, administrator of W. B. Scott, was levied upon certain property to an undivided half-interest in which Lee Scott, administrator of Diana E. Scott, interposed a claim. Upon the trial was introduced in evidence a deed from John Jones to W. B. and Diana E. Scott, dated December 24, 1849, conveying the property in consideration of love and affection, to W. B. and Diana E. It was agreed that the land claimed was conveyed as stated in the deed; that W. B. and Diana E. married before the making of the deed and both lived on the land until April, 1871, at which time she died, W. B. remaining in possession after her death until 1879, when he died; that all of their children are of age and married, except one who is now twenty-five years old; that the land was given in for taxes by W. B. as his own for 1867–1869 and 1870; and that W. B. took a homestead on the lands and on other land and personal property for the benefit of his wife, Diana E., and six minor children, which was approved by the ordinary January 9, 1869. The claim was interposed in 1891. After argument the judge directed plaintiff's counsel to take a verdict finding the property subject, which was done. The claimant excepted.

A. S. GILES, for plaintiff in error.

R. D. SMITH, W. S. WALLACE and GUSTIN, GUERRY & HALL, *contra.*

---

BAILEY *v.* THE STATE.

The charge of the court on the prisoner's statement, reading it all together, was not erroneous. Nor was any part of the charge complained of, treating it as based on the evidence without reference to the matter set up by the prisoner's statement, incorrect. And there being no request to charge touching the matter of the statement, there was no error in denying a new trial.

August 1, 1892. *Judgment affirmed.*

Criminal law. Charge of court. Before Judge MILLER. Bibb superior court. November term, 1891.

Conviction of assault and battery; new trial denied. The testimony was as follows:

Jacob Becker: Is a collector. Went to Mollie Neal's house; has been there frequently; has sold goods to all the girls, and if they did not have the money, would go back after it. Sold Marguerite $2.50 worth; she told me to call next day; did so, and went into room up stairs; don't know whether that was Marguerite's room. She and Rosa and Anna and two others (names not known) were in there. Witness had been there about ten minutes; Marguerite had paid what she owed, and he asked some of the others if they could pay theirs; they said, not that day; he said he would call again. Just then the defendant came in and asked Marguerite who that was; she said, a peddler. To the further question, what is he doing here? she replied that he came to collect some money. He said, "Have you paid him?" and she answered, "Yes." He said, "Why don't he go?" She said, "I don't know." He walked up to her and knocked her down, and then knocked Rosa down; she was standing in the door. He then struck witness in